IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BAMRUNG P. CHUMPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 12-2658-JDT-dkv |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING "EX PARTE MOTION IN EXTREME EMERGENCY"
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On July 24, 2012, Plaintiff Bamrung P. Chumpia, a resident of Memphis, Tennessee,[1] filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) In an order issued on

---

[1] Plaintiff's filings identify the plaintiff as "Bamrung P. Chumpia, et al." (D.E. 1 at 1; D.E. 1-1 at 1.) In his "Complaint for Violation of Civil Rights Under 42 USC 1983, 42 USC 1985(3), 42 USC 1986, 42 USC 3601 through 3619, and Title VI of 2004 Seeking Declaratory Judgment, Affirmative Default Judgment, and Injunctive Relief," which is attached to the form § 1983 complaint, Plaintiff identifies Chaninun K. Chumpia, Mason M. Chumpia, and Matinee M. Chumpia as co-plaintiffs. (D.E. 1-1 at 6.) However, because only Bamrung P. Chumpia signed the complaint and *in forma pauperis* affidavit, the Clerk properly docketed the suit as brought only by Bamrung P. Chumpia. A *pro se* litigant can only represent his own interests, Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003), and can only sign pleadings on his own behalf, Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("[W]e recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. . . . In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn." (citations omitted)).

July 26, 2012, the Court granted leave to proceed *in forma pauperis*. (D.E. 3.) The Clerk shall record the Defendant as the United States of America.[2]

Plaintiff's complaint, with attachments, is 311 pages. The first document, the form § 1983 complaint, refers to the attachments for details of the suit. (D.E. 1.) The next document, titled "Complaint for Violation of Civil Rights Under 42 USC 1983, 42 USC 1985(3), 42 USC 1986, 42 USC 3601 through 3619, and Title VI of 2004 Seeking Declaratory Judgment, Affirmative Default Judgment, and Injunctive Relief" (D.E. 1-1), appears to set forth the substance of Plaintiff's claims. That documents is largely incomprehensible. Plaintiff brings an "[i]ndependent action in massive criminal fraud upon the court under Rule 60(b) in nearly 40 cases of my lawsuit since 1996." (Id. at 1 (emphasis omitted).)[3] Plaintiff also appears to challenge a deposition notice in a miscellaneous action to enforce a judgment against Plaintiff from the Chancery Court of Shelby County, Tennessee, arising from an unpaid student loan. (Id. (citing United States v. Chumpia, No. 09-mc-00021-JPM-tmp (W.D. Tenn.).) Plaintiff also seeks "[i]njunctive relief to enjoin

---

[2] Although the form complaint uses the designation "et al." in the listing of defendants, the Court will not speculate about the identity of any other individual or entity Plaintiff intends to sue. In his "Complaint for Violation of Civil Rights Under 42 USC 1983, 42 USC 1985(3), 42 USC 1986, 42 USC 3601 through 3619, and Title VI of 2004 Seeking Declaratory Judgment, Affirmative Default Judgment, and Injunctive Relief," Plaintiff identifies several individuals as "opposing third parties," including "Michigan State U. or President of Michigan State U.," Secretary of U.S. Department of Education, "Secretary of U.S. Department of Revenue and IRS," "Secretary of U.S. Department of Justice including the FBI and Inspector General," "Senators of Michigan for his public duty," the Governor of the State of Michigan, "[i]nvolved Judicial Officers in State of Tennessee," "[i]nvolved Judicial Officers in Federal Courts including US Supreme Court," the Governor of the State of Tennessee, and the "Senator of Tennessee for his public duty." (D.E. 1-1 at 5-6.) Plaintiff does not state that these individuals are defendants, and he has not identified them by name, as is required to serve them. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Mich. Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Therefore, the only Defendant in this case is the United States.

[3] This is the seventh case that Plaintiff has filed in, or removed to, federal court in this district since 2004. A PACER search lists a total of 24 civil and appellate cases pursued by Plaintiff in the federal courts.

pending criminal sentencing for aggravated stalking prosecuted by City of Germantown as ordered transferring to criminal court for Shelby, TN on July 11, 2012." (Id.) Plaintiff avers that he is entitled to be represented by the United States Attorney. (Id.) Plaintiff further states that he is entitled to counsel "in possible criminal tax evasion." (Id. at 2.)

In Count I, Plaintiff purports to set forth a "summary of suffering from 1992-2012." (Id. at 6.) From 1992 through 1996, Plaintiff allegedly "suffered criminally treasonable racial discrimination at Michigan State U. while paying them very expensive out-state tuition fees following by suffering extreme emotional inflict [sic] that compelled my wife to commit domestic violence and landed both of us in jail." (Id. (emphasis omitted).) In 2004 and 2005, "we faced repeated criminal judicial corruption in student loans defense, home insurance, and auto insurance case that left me three episodes of stroke." (Id. (emphasis omitted).) Plaintiff asserts that, from 2008 to 2010, "[o]n top of the living in the place where those who do not believe in god have to live above, we had to further suffer two consecutive criminal foreclosures on two of our properties that are 100 times worse than Enron White Collar Crime since both mortgages criminally conspired with the courts to rape and rob our properties." (Id. (emphasis omitted).) On August 31, 2011, "we learned that the bank withdrew our money for the IRS without any notice or consent from us plus legal fees for the IRS levy with the amount of $15,101.71." (Id. at 7.)

Count II appears to assert an unrelated claim against Tri Tran and Narisa Tran ("Narisa"), who are not listed as parties in the case caption, for breach of a verbal contract. (Id. at 7.) Narisa "allowed [Plaintiff] to contact, call, or mail her at her residence for judicial

3

purposes." (Id.) "Tran's lawyer misled Tran [by] filing false protection order absolutely with no facts against me not to communicate with Tran by any means." (Id.) "For benefit in defending lawsuit, Tran's lawyer filed criminal contempt of court against [Plaintff] in Circuit Court for Shelby County, TN and misled Tran to report to Germantown police to arrest [Plaintiff] for aggravated stalking for just mailing and emailing judicial document to her residence." (Id.) "The criminal contempt of court and false protection order was dismissed and dissolved on May 9, 2012." (Id.) Plaintiff "was bailed and release on bond waiting for sentencing at criminal court for Shelby County, TN." (Id. at 8.)

In Count III, Plaintiff alleges that he "contacted the HUD, the FBI, the US Inspector General, and Vice President Joe Biden to investigate the White Collar crime but there is no relief." (Id.) Plaintiff purports to assert claims under the Federal Tort Claims Act "against all federal employees including law clerks both under Title VI of 2004, 42 USC 1985(3) and 1986" for breach of a duty to investigate and prosecute white-collar crime. (Id.)

Plaintiff seeks an order directing the Federal Bureau of Investigation to investigate the alleged white-collar crimes and fraud upon the court, "[n]egotiations with the US government with [Plaintiff's] inventions of most advanced spacecraft propulsion that would bring billions of dollars to the US economy," an order directing the City of Germantown to cease its criminal prosecution of Plaintiff, the expungement of "[a]ll false criminal charges" against Plaintiff, the elimination of "[a]ll monetary debt [Plaintiff] may owe to all private and public creditors . . . including collection of all kinds of taxes and student loans," the forgiveness of

student loans for medical education owed by Maryanne Chumpia and Mason Chumpia, and money damages in the amount of $300 million. (Id. at 9.)

The next attachment, titled "Affidavits in Support and Evidence" (D.E. 1-2), consists of 13 pages of additional argument and legal citations about the Freedom of Information Act, disparate impact claims, elder abuse, Rule 55 of the Federal Rules of Civil Procedure, various criminal statutes, and the Tucker Act. The remainder of Plaintiff's filing consists of more than 250 pages of supporting documents, most of which are filings in other cases.

On November 19, 2012, Plaintiff filed an "Ex Parte Motion in Extreme Emergency" (D.E. 4), which threatens the Court and Court staff with criminal prosecution for judicial treason for the improper handling of this case (id. at 1) and asks that service issue, that the FBI, the U.S. Attorney, and the U.S. Inspector General be ordered to investigate, that a special impartial grand jury be appointed, that an injunction issue against the prosecution of Plaintiff in the Shelby County Criminal Court, and that counsel be appointed to represent Plaintiff (id. at 2-3). Attachments to this filing concern the criminal cases against Plaintiff in Shelby County and the City of Germantown. Because this action will be dismissed for the reasons stated *infra*, this motion is DENIED.

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Id. (citing Neitzke, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011) ("[W]e decline to

affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's complaint does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in

---

[4] See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding." (citations omitted)); Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); Gordon v. Green, 602 F.2d 743, 744-45 (5th Cir. 1979) (4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); Windsor v. A Fed. Exec. Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8 because a 47-page complaint is not required to state a simple claim and because the complaint "is confusing and distracting").

Plaintiff's complaint, which names only the United States as a party and purports to assert claims arising from every previous lawsuit filed by Plaintiff, a deposition notice issued by the United States Attorney in connection with unpaid student loans, and a personal dispute and resulting criminal charges, is incomprehensible. The filing cites numerous statutes and rules, but does not assert any coherent claim against any person or entity under any colorable legal theory. The Court will not sift through hundreds of pages of documents, many of which were written by Plaintiff, to construct Plaintiff's case for him.

This case was filed on the form for commencing actions under 42 U.S.C. § 1983,[5] which requires a plaintiff to allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Plaintiff cannot sue the United States, the only named Defendant, under § 1983 because it acts under color of federal law, not state law. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Habtemariam v. Adrian, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999); Johnson v. Ionia United States Postal Serv., Nos. 90-1078, 90-1313, 1990 WL 115930, at *1 (6th Cir. Aug. 10, 1990); Walber v. United States Dep't of Housing & Urban Dev., No. 88-1984, 1990 WL 19665, at *2 (6th Cir. Mar. 5, 1990).

The complaint also does not assert a valid claim under 42 U.S.C. § 1985(3), which prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws."

> [T]o state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of

---

[5] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999); see also Center for Bio-Ethical Reform, Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007). Except for claims arising from Plaintiff's attendance at Michigan State University in the 1990's, the complaint does not allege that the matters about which Plaintiff complains were motivated by racial, or other class-based, invidiously discriminatory animus.

Plaintiff's complaint does not adequately allege a civil conspiracy. As the Sixth Circuit Court of Appeals has explained:

> In Spadafore v. Gardner, 330 F.3d 849 (6th Cir. 2003), we stated the standard governing a § 1983 conspiracy claim:
>
>> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.
>
> 330 F.3d at 854 (quoting Hooks v. Hooks, 771 F.2d 935, 943–44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Id. (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987)); accord Farhat v. Jopke, 370 F.3d 580, 599 (6th Cir. 2004). That pleading standard is "relatively strict." Fieger v. Cox, 524 F.3d 770, 776 (6th Cir. 2008).

Heyne v. Metro. Nashville Pub. Sch., 655 F.3d 556, 563 (6th Cir. 2011). An assertion, unaccompanied by supporting facts, that parties conspired with each other is a legal

11

conclusion that a court need not accept as true. Id. at 563-64 (collecting cases). Allegations of "a plan or agreement to violate [the plaintiff's] constitutional rights" is required. Id. at 564. Plaintiff's complaint names only the United States as a party and, even if it is assumed that he intends to sue the various individuals listed as "opposing third parties," he has not identified them by name or described, in even general terms, what each is alleged to have done.

Because Plaintiff has no viable claim under 42 U.S.C. § 1985, he also has no claim under 42 U.S.C. § 1986. "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" Radvansky v. City of Olmstead Falls, 395 F.3d 291, 314 (6th Cir. 2005). Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986. Id. at 315; Bass, 167 F.3d at 1051 n.5.

Many, if not most, of Plaintiff's claims have been litigated in prior suits. Plaintiff filed a suit in this district in 2004 against the United States, Michigan State University, and other defendants concerning his experiences at Michigan State University and his inability to pay his student loans. Chumpia v. United States, No. 04-2786-Ml/P (W.D. Tenn. filed Sept. 29, 2004). United States District Judge Jon Phipps McCalla dismissed the case *sua sponte* on February 28, 2005, finding that "Plaintiff's claims against MSU were previously litigated in the two cases filed in the United States District Court for the Western District of Michigan" and were barred by *res judicata* and collateral estoppel. Id. (order of dismissal

at 8-10, docket entry 8). Similarly, Plaintiff cannot use this lawsuit as a vehicle for correcting what he perceives to be erroneous decisions in any or all of his prior cases.

For the foregoing reasons, the Court DISMISSES the action, in its entirety, for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to

dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[6]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[6] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of motions intended for filing in the Sixth Circuit.